DANNY WISE # 286665

A.S.P.C. · YUMA · UNIT · CIBOLA

P.O. BOX 8909

SAN LUIS, AZ 85349

FILED

JUN 10 2019

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

DEBTOR, PRO · SE

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

| DANNY WISE AND | CHAPTER 7 PROCEEDINGS |
|---|---|
| WHISPERING WIND PROPERTIES, LLC, | |
| DEBTORS | CASE NO.: 2:08bk · 15620 MCW |
| | CASE NO.: 2:08bk · 15625 MCW |
| | ( JOINTLY ADMINISTERED) |
| | |
| | MOTION FOR LEAVE OF THE BANKRUPTCY |
| | COURT TO INCLUDE NAMED PARTIES |
| | IN ANOTHER ACTION |

DANNY WISE, DEBTOR PRO · SE, HEREBY REQUESTS THIS COURT GRANT

LEAVE OF THE BANKRUPTCY COURT; TO INCLUDE NAMED PARTIES IN ANOTHER ACTION.

THIS MOTION IS BASED ON THE FOLLOWING MEMORANDUM OF POINTS AND AUTHORITIES.

RESPECTFULLY SUBMITTED THIS 4th DAY OF June, 2019

BY: _Danny Wise_

DANNY WISE, DEBTOR PRO · SE

1

SCHEDULE OF PARTIES (INCLUDING APPOINTED, HIRED, RETAINED AND COURT·APPROVED):

MAUREEN GAUGHAN, CHAPTER 7 TRUSTEE;

HONORABLE DAN COLLINS, FORMER PARTNER AT MAY, POTENZA, BARAN, AND GILLESPIE, PC;

THEODORE WITTHOFT, PARTNER AT WITTHOFT DERKSEN, PC;

PATRICK DERKSEN, PARTNER AT WITTHOFT DERKSEN, PC;

JOHN FRIES, ESQ., ANDREA PALMER, ESQ., · RYLEY CARLOCK AND APPLEWHITE

CITY OF SCOTTSDALE (ARIZONA) POLICE DEPARTMENT

FRANK NAGY, A DETECTIVE OF THE SCOTTSDALE POLICE DEPARTMENT

GUY MILANOVITS, A DETECTIVE OF THE SCOTTSDALE POLICE DEPARTMENT

MARK CARDWELL, AN EMPLOYEE OF FORENTECH, LLC

RICHARD B. MALTZ, AN EMPLOYEE OF DAVID R. MALTZ AND CO., INC.

PETER DAVIS, C.P.A., AN ASSOCIATE AT SIMON CONSULTING

UNITED STATES POSTAL INSPECTION SERVICE

MIRANDA GARCIA, AN EMPLOYEE OF THE UNITED STATES POSTAL INSPECTION SERVICE

ANDREW HATHCOCK, AN EMPLOYEE OF THE UNITED STATES POSTAL INSPECTION SERVICE

PREMIER DOCUMENT SHREDDING

JOHN DOES (6), FEDERAL AGENTS

JANE DOES (6), FEDERAL AGENTS

2

## FACTUAL BACKGROUND

DEBTOR WAS FORCED INTO AN INVOLUNTARY BANKRUPTCY ON NOVEMBER 3, 2008. (CASE # 2008-15620/15625); ALL RECORDS WERE SEIZED VIA COURT ORDER AND SEARCH WARRANTS. THESE SEIZURES WERE EXECUTED IN MARCH 2009 BY THE BANKRUPTCY TRUSTEE; CITY OF SCOTTSDALE (ARIZONA) POLICE DEPARTMENT, ALONG WITH FEDERAL AGENTS, THEN EXECUTED SEARCH WARRANTS ON APRIL 15 AND APRIL 16, 2009 UPON DEBTORS HOME, OFFICE, STORAGE UNIT, AND THE TRUSTEE'S OFFICE.

IN THE SEIZURES, PARTIES HAD A DUTY UNDER THE LAW TO CREATE AND MAINTAIN A PROPER INVENTORY AND CHAIN OF CUSTODY OF ITEMS SEIZED. DEBTOR HAS NEVER RECEIVED AN INVENTORY OF ITEMS SEIZED, WHICH LEAD TO THE DESTRUCTION OF RECORDS WHICH CONTAINED PROMISSORY NOTES AND FINANCIAL INSTRUMENTS VALUED AT ONE HUNDRED-ONE MILLION, TWO HUNDRED-FIFTY THOUSAND DOLLARS ($101,250,000.00). AS NO INVENTORY OR CHAIN OF CUSTODY EXISTS, PARTIES BREACHED THEIR DUTY; THIS WAS A DELIBERATE ACT TO DENY DEBTOR MEANINGFUL AND CONSTRUCTIVE ACCESS TO HIS RECORDS.

PARTIES HAD A DUTY TO APPOINT, HIRE, AND/OR RETAIN COMPETENT PERSONS TO PERFORM THE DUTIES OF A CHAPTER 7 TRUSTEE. AS THE ENTIRE BANKRUPTCY PROCESS INVESTIGATION WAS FLAWED, A FRAUDULENT FINANCIAL STATEMENT WAS PUT ON RECORD. THIS WAS NEGLIGENT AS PARTIES FAILED TO USE REASONABLE CARE, AND ADMITTED IN OPEN COURT THAT THEY DID NOT HAVE ALL NECESSARY BOOKS, RECORDS, AND FILES, YET THE REPORT WAS USED AS EVIDENCE IN THE BANKRUPTCY PROCEEDING. THEY HAD ALL THE RECORDS; THEIR CHOICE NOT TO USE THEM WAS NEGLIGENT AND DELIBERATE.

DEBTOR MADE NUMEROUS REQUESTS TO PARTIES TO OFFER HIS COOPERATION TO RESOLVE THE BANKRUPTCY AMICABLY. DEBTOR DID MEET WITH PARTIES ON ONE OCCASION AND ANSWERED ALL QUESTIONS IN FULL COOPERATION. EVEN WITH THIS INFORMATION, PARTIES DID NOT REVISE THE REPORT SUBMITTED, AND FAILED TO INVESTIGATE OWNERSHIP OF COMPANIES LISTED IN THE BANKRUPTCY OR PAYMENTS TO DEBTORS FAMILY MEMBERS FROM DEBTORS

3

LATE MOTHERS ESTATE. GENERALLY ACCEPTED ACCOUNTING PRINCIPLES AND ETHICS TO MAINTAIN INTEGRITY WERE NOT USED.

DEBTORS PROPERTY WAS TRANSFERRED FROM DIFFERENT PARTIES CUSTODY WITHOUT A PROPER CHAIN OF CUSTODY (IN VIOLATION OF A COURT ORDER), LEADING TO ITS DESTRUCTION AND PLACING DEBTOR IN FINANCIAL RUIN. DEBTOR HAS CONTINUED TO REQUEST INVENTORIES FROM PARTIES, GOING SO FAR AS TO PETITION THE COURT TO COMPEL PARTIES TO SHOW CAUSE FOR THE DESTRUCTION. THE TOTAL DISREGARD FOR THE COURT ORDER LEAD TO THE WANTON DESTRUCTION OF DEBTORS PROPERTY. DEBTOR IS IN POSSESSION OF OFFICIAL CORRESPONDENCE IN WHICH A PARTY CLEARLY STATES THEY ARE AWARE OF INSTRUCTION AND BANKRUPTCY RULES TO MAINTAIN AND NOT DESTROY THE PROPERTY.

DEBTORS PROPERTY WAS DESTROYED, DAMAGED, AND NOT RETURNED TO DEBTOR, A BREACH OF DUTY BY ALL PARTIES WHO FAILED TO INSURE DUE PROCESS IN THE PROCEEDINGS. THIS NEGLIGENCE BY PARTIES LED TO THE DESTRUCTION OF DEBTORS PROPERTY, THE LOSS OF ONE HUNDRED·ONE MILLION, TWO HUNDRED·FIFTY THOUSAND DOLLARS IN PROMISSORY NOTES AND FINANCIAL ASSETS, AND THE NECESSARY WITNESSES TO PROPERLY DEFEND HIMSELF DURING THE PROCEEDINGS AND ANY RECOURSE AVAILABLE TO DEBTOR.

# CONCLUSION

PURSUANT TO THE BARTON DOCTRINE, ADOPTED BY THE SUPREME COURT IN BARTON V BARBOUR, 104 U.S. 126 (1881), A BANKRUPTCY TRUSTEE CANNOT BE SUED FOR ACTS DONE IN ADMINISTERING THE BANKRUPTCY ESTATE WITHOUT LEAVE OF THE BANKRUPTCY COURT. DEBTOR IS REQUESTING SUCH LEAVE FOR THIS MOTION. NAMED PARTIES KNEW THE LAW AND CHOSE TO ACT CONTRARY TO LAW, RULES, AND POLICIES (SEE EXHIBIT A).

4

## CERTIFICATE OF SERVICE

ORIGINAL MAILED ON THIS 4th DAY OF June, 2019 TO:

CLERK OF THE COURT

U.S. BANKRUPTCY COURT · ARIZONA

230 N. 1ST AVENUE

PHOENIX, ARIZONA 85003

COPY OF THE FOREGOING MAILED ON THIS 4th DAY OF June, 2019 TO:

HONORABLE MADELEINE WANSLEE

230 N. 1ST AVENUE

PHOENIX, ARIZONA 85003

BY: _____

DANNY WISE, DEBTOR PRO · SE

5

# EXHIBIT
# A

| | | |
|---|---|---|
| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROVED OMB NO. 1105-0008** |

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, and State and Zip code. |
|---|---|
| US Trustee<br>230 N 1st Ave<br>Suite 204<br>Phoenix, Arizona 85003 | Danny Wise<br>c/o ASPC - Yuma- Cibola Unit<br>PO Box 8909<br>San Luis, Arizona 85349 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | August 5, 1956 | Single | 2-26-18 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached pages   *BC 1-3*

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See attached pages - *property*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

N/A

| 11. | | WITNESSES |
|---|---|---|
| **NAME** | | **ADDRESS (Number, Street, City, State, and Zip Code)** |
| *see Attached pages* | | |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 101,250,000.00 | 123,750,000.00 | N/A | 225,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| | | |
|---|---|---|
| Authorized for Local Reproduction<br>Previous Edition is not Usable<br><br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>Maureen Gaughan, *Chapter 7 Trustee*<br>P.O. Box 6729<br>Chandler, AZ 85246 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Danny Wise<br>c/o ASPC - Yuma- Cibola Unit<br>PO Box 8909<br>San Luis, Arizona 85349 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>August 5, 1956 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>2-26-18 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached pages *BC 1-3*

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See attached pages – *property*

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

N/A

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| ( see witness list ) | |

| 12. (See instructions on reverse). | **AMOUNT OF CLAIM** (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>101,250,000.00 | 12b. PERSONAL INJURY<br>123,750,000.00 | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights).<br>225,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br><br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# Basis For Claim

1. On November 3, 2008 claimant was notified that the persons I owed money to had filed an action in the U.S. Bankruptcy Court to force my ex-wife and I into involuntary bankruptcy. The claimant was not to take any assets or sell anything and to leave all assets alone. (2008-BK-15620- 15625)

2. On December 11, 2008, I met with bankruptcy attorneys and presented a payment plan to them that would pay all person back by the first of January 2009, and they rejected it, saying they wanted it paid that day (December 11, 2008).

3. On February 26, 2009 a federal bankruptcy trustee was appointed, Maureen Gaughan.

4. On February 27, 2009 the trustee's attorney, Dan Collins, who is now the Honorable Dan Collins in the U.S. Bankruptcy Court, arrived at my Scottsdale home to inventory the contents.

5. Claimant asked Collins when he wanted to travel to my Flagstaff and New York City homes and he told me it wasn't necessary at this time. I would be contacted later to do this.

6. On about March 2009 the U.S. Bankruptcy trustee began taking control of all claimant's assets, bank accounts, hedge funds, trust accounts (including Children's trusts), retirement accounts, homes, home furnishings, businesses, business equity, notes receivable, wife's jewelry, paper, financial records and storage unit. Claimant no longer had access to any properties, bank accounts or others assets.

7. Search warrants on my home, office, and storage unit were executed on April 15, 2009.

8. A search warrant was executed at the U.S. Bankruptcy Trustee's office on April 16, 2009.

9. There was no inventory of the contents of the banker Boxes, nor was there an inventory/index showing which Boxes came from which location.

10. In my New York apartment, the Trustee, seized all the home furnishings, including a desk and ottoman where I kept business files and promissory notes with over $100 million in value, as well as $30 thousand in cash.

11. Claimant learned that the contents of the desk had not been inventoried, along with the computer, thumb drives, clothing and ottoman had not been inventoried and the items therein lost. This includes $30 thousand in cash and $101,250,000 in promissory notes for business deals. (See exhibit 14)

12. I attempted numerous times to inquire into the notes and tried to get them in order to cash them out and pay all my bills, but Bankruptcy trustee and the Court refused to let me be involved with the case or share information with me.

13. When claimant began going through the bankruptcy process I learned that Andrew Moore "40% owner in Whispering Winds Properties" had also embezzled over $60 thousand from me in one of the jointly owned business accounts.

14. After the hiring of David Dow, Esq. he arranged a meeting with Dan Collins, Ted Witthoff, Patrick Derksen, Maureen Gaughan, trustee, and Peter Davis, CPA held at Dan Collin's office on March 7, 2012.

15. At that meeting, Mr. Peter Davis stated to me "I know I do not have all the books and records".
16. At that meeting I answered many questions asked of me.
17. At that meeting, Dan Collins informed Mr. Dow and myself that the S.E.C. had also put a duplicate claim into my bankruptcy. Mr. Collins recognized that this needed to be corrected prior to the creditors being paid, but never was.
18. Mr. Dow asked if a number was available to pay off the entire bankruptcy.
19. We were told they would get back to us, but they never did.
20. In November 2012, I engaged Mr. Don Fletcher to try help resolve the bankruptcy issue to allow me to pay off all my creditors at 100% of their money.
21. On November 7, 2011, Peter Davis of Simon Consulting issued a financial statement that states on Page #5, "The trustee's investigation of recoveries is ongoing. Discovery is ongoing. Simon reserves the right to update its report should additional information be provided". That report was for the period January 1, 2006 – November 3, 2008.
22. On June 3, 2014, attorney Witthoff stated in a court hearing that he didn't have all the records
23. Claimant had requested from Gaughan on eighteen (18) different occasions, files, records, and investigative reports and was ignored each time.
24. Claimant wrote the US Trustee – Arizona Office five (5) times and was ignored each time.
25. Claimant wrote Peter Davis, CPA of Simon Consulting and was ignored.
26. Claimant wrote the State Board of Accountancy requesting they compel Davis to turnover working papers and had a telephonic hearing, which State Board said to contact the Trustee, as the Trustee hired Davis.
27. Claimant owed the Internal Revenue Service approximately $470,000, yet the Trustee paid the IRS $620,000
28. There was never proof of a "Ponzi Scheme" for many reasons:
    a. Claims were never fully traced (financial reports January 1, 2006 – November 3, 2018
    b. Davis, Collins and Witthoff all admitted to not having all the records
    c. Allegations of "Ponzi Scheme" were to only set "claw backs" to have CPA, Attorneys, and other administrative fees paid.
    d. Many boxes not even opened (See exhibit 15)
29. Trustee Gaughan never communicated with the auctioneer in New York City who destroyed financial records stored in the NYC apartment. These records should have been reviewed as part of the entire involuntary bankruptcy case. (See exhibit 14)
30. Attorneys, Collins and Witthoff allowed an incomplete report to be part of the record instead of attempting to gather all necessary documents to complete the report.
31. Trustee's conduct, along with Collins, Witthoff and Davis, denied claimant the ability to recover the assets from his financial records that are now destroyed. Trustee also has denied claimant access to personal papers and records without due process and in direct violation of their fiduciary duties and Claimants constitutional rights and created liberty interest.
32. On May 6, 2014 the US Trustee filed a motion for authority to transfer custody of documents in the US Bankruptcy Court, District of Arizona. (See exhibit 1 )

33.     On June 16, 2014 the US Bankruptcy Court issued an order granting the Trustee's motion from above. (See exhibit 2 )

34.     These documents were received by the US Postal Inspection Service on July 14, 2014. (See exhibit 3 )

35.     Per the attached order (exhibit 2 ), the Department of Justice shall comply with the requirements set forth by the DOJ handbook for Chapter 7 Trustees (maintain those documents for two years after the close of the bankruptcy case(s).

36.     In a letter dated January 19, 2017 addressed to the claimant, the US Postal Service advised the claimant that these document were to be picked up within 30 days or those documents (approximately 200 boxes) will be destroyed. (See exhibit 4 ).

37.     In a letter dated January 30, 2017, claimant explained that he was incarcerated and it would be impossible to pick these documents up. Claimant also informed the US Postal Service that those documents were important to my "Post-Conviction Relief Petition" presently in the Supreme Court of Arizona, (Case No. CR 18-0237)(See exhibit 5)

38.     After several unanswered phone calls to the US Postal Inspection service by claimant, he then wrote another letter to the USPIS dated April 25, 2017 again asking for the same information. This was also after claimant's son contacted the USPIS requesting the same information (See exhibit 6 )

39.     Claimant reviewed a letter from the USPIS dated May 23, 2017 stating that after their review of the records ( the above motion and order) they conclude that the USPIS is responsible to maintain those documents for two (2) years from the Involuntary bankruptcy case(s) were closed, which was November 1, 2016. Therefore on November 2, 2018 the USPIS will shred all the documents (See exhibit 7 )

40.     In a letter dated July 11, 2017 written to claimant's son and copied to claimant, the USPIS notified claimant that he had 30 days to take physical custody of the materials. This letter was written 49 days after the USPIS stated they were responsible for maintaining these documents for two (2) years after Involuntary Bankruptcy case(s) were closed (See exhibit 8 )

41.     In a letter dated July 30, 2017, claimant requested the USPIS either maintain custody of such documents ( Stated in "40" above) or send all documents to claimant directly. (See exhibit 9 )

42.     In a letter dated August 10, 2017 claimant wrote to the USPIS another letter requesting the USPIS maintain custody of these documents. (See exhibit 10 )

43.     In a letter dated August 11, 2017 received from the USPIS, it was written that all documents were destroyed (See exhibit 11 )

44.     Claimant than filed a request under the Freedom of Information Act, for the same information previously requested in the several letters and on January 16, 2018 claimant did receive some of the information requested along with many e-mails between various government agencies explaining to one another the necessity to maintain these documents, under the law and court order. Included in these e-mails are statements that these documents are to be maintained for two (2) years after the Involuntary bankruptcy and also maintained until the claimants appeal is over (See exhibit 12 ) and also "43" above.

45.     In a letter dated February 26, 2018, the USPIS answered some additional questions and sent a copy of the Certificate of Destruction of said documents (See exhibit 13 )

## Witnesses

| | |
|---|---|
| MAUREEN GAUGHAN, TRUSTEE | Richard Malte, Auctioneer |
| PO Box 6729 | 39 Windsor Place |
| Chandler, ARIZONA 85246 | Central Islip, NY 11722 |
| | |
| HON DAN COLLINS | Peter DAVIS % SIMON Consulting |
| 230 No 1st Ave | 3200 No Central Ave #2460 |
| Phoenix, Az 85003 | Phoenix, ARIZONA 85012 |
| | |
| Theodore Witthoft, Esq | PREMIERE Document Shredding |
| 3550 No Central Ave, Suite 1006 | 2204 W. 1st Street |
| Phoenix, ARIZONA 85012 | Tempe ARIZONA 85281 |
| | |
| Patrick Derksen, Esq | Mark Caldwell, Forentech LLC |
| 3550 No Central Ave, Suite 1006 | 4429 E. Flower St. |
| Phoenix, ARIZONA 85012 | Phoenix, Az 85018 |
| | |
| Howard Silverman | FRANK Nagy |
| 15 W. 53rd Street #18F | 3939 Drinkwater Blvd. |
| New York, NY 10017 | Scottsdale, ARIZONA |
| | |
| Jeremy L Wise | Guy Milanovits |
| 348 Medford St. #1 | 3939 Drinkwater Blvd. |
| Charlestown, Mass 02129 | Scottsdale, ARIZONA |

MARYANN McKessy, Deputy County Attorney

301 West Jefferson

Phoenix, Arizona 85003


M Garcia, % USPIS

111 West Monroe

Phoenix, Arizona 85003


Andrew Hathcock, % USPIS

111 West Monroe

Phoenix, Arizona 85003


## Property

Value of promissory notes     $ 101,250,000.

Other personal injury claim     123,750,000.

                             $ 225,000,000.

1  Theodore P. Witthoft (State Bar Id No. 021632)
   Patrick T. Derksen (State Bar Id No. 023178)
2  **MAY, POTENZA, BARAN & GILLESPIE, P.C.**
   201 North Central Avenue, Suite 2210
3  Phoenix, Arizona 85004-0022
   Telephone: (602) 252-1900
4  Facsimile: (602) 252-1114
   Email: twitthoft@maypotenza.com
5  Email: pderksen@maypotenza.com

6  Attorneys for Chapter 7 Trustee, Maureen Gaughan

7                **UNITED STATES BANKRUPTCY COURT**

8                    **DISTRICT OF ARIZONA**

9  In re:                              )
                                       )    **Chapter 7**
10 WHISPERING WINDS PROPERTIES, LLC,   )
   and DAN WISE,                       )    **Case No. 2:08-bk-15620-MCW**
11                                     )    **Case No. 2:08-bk-15625-MCW**
12        Debtors.                     )
                                       )    **(Jointly Administered)**
13                                     )
                                       )    **TRUSTEE'S MOTION FOR**
14                                     )    **AUTHORITY TO TRANSFER**
                                       )    **CUSTODY OF DOCUMENTS**
15                                     )
                                       )
16                                     )
                                       )
17                                     )
                                       )
18                                     )
19 _____)

20        The Chapter 7 trustee, Maureen Gaughan ("Trustee"), by and through her attorneys, May,

21 Potenza, Baran & Gillespie, P.C., hereby submits the *Trustee's Motion for Authority To*

22 *Transfer Custody of Documents* ("Motion"). The Trustee seeks Court authority to transfer

23 custody of certain documents described herein to the United States Department of Justice

24 ("DOJ"). This Motion is supported by the accompanying Memorandum of Points and

25 Authorities and the entire record before the Court, all of which are incorporated herein by this

26 reference.

1   *EXA*

## MEMORANDUM OF POINTS AND AUTHORITIES
## BACKGROUND

1. On November 3, 2008 (the "<u>Petition Date</u>") involuntary Chapter 7 bankruptcy petitions were filed against Whispering Winds Properties, LLC ("<u>WWP</u>") and Dan Wise at case numbers 2:08-bk-15620-RJH and 2:08-bk-15625-RJH, respectively. On December 2, 2008, the Court entered its Order directing the bankruptcy cases be jointly administered.

2. On February 24, 2009, Maureen Gaughan was appointed Chapter 7 trustee of the bankruptcy cases of WWP and Dan Wise.

3. By Order of the Bankruptcy Court dated June 22, 2010, the following entities controlled by Dan Wise were substantively consolidated into the Dan Wise bankruptcy estate: WWP; LM Beagle Properties, LLC; Karlena, Inc.; Axis International, Inc.; Jerilou, Inc.; J.U.S.T.Y., Inc.; 14 Casa Associates, LLC; Three Jay's, LLC; Wildlife Properties, LLC; Wilan Holdings, LLC; Folden Holdings, LLC; DKW Properties, LLC; Two Soles Holdings, LLC; East Central Park Holdings, LLC; DRL Promotions, LLC; Santa Barbara Management, LLC; Tarise Holdings, LLC; and Compadre, LLC (collectively, the "<u>Dan Wise Entities</u>"). The Dan Wise Entities and Dan Wise are referred to herein collectively as "<u>Wise</u>" or "<u>Debtor</u>."

*fraud*

4. After the Petition Date, the Scottsdale Police Department ("<u>SPD</u>") took possession of numerous boxes of Debtor's documents.

5. The SPD turned over to the Trustee a portion of the documents the SPD seized (the "<u>Documents</u>"). The Documents were stored in a unit leased from A Advance Self Storage located at 301 W. Indian School Phoenix, Arizona. *See,* Order entered on August 5, 2009 at Docket No. 249.

6. On or about April 17, 2012, a federal grand jury indicted Dan Wise on 102 charges of mail fraud, wire fraud and money laundering in the United States District Court for the District of Arizona, Case No. 2:12-cr-00788-ROS-1 (the "<u>Federal Criminal Proceeding</u>").

2

1   7.   The Trustee is in the process of finalizing the administration of this bankruptcy
2   estate.

3   8.   The Trustee proposes to transfer custody of the Documents to the DOJ, which has
4   agreed to store the Documents as custodian at a designated location.

5   **LEGAL ARGUMENT**

6   9.   Pursuant to 11 U.S.C. § 105(a), the court may issue any order, process, or
7   judgment that is necessary or appropriate to carry out the provisions of this title. Among other
8   things, transferring custody of the Documents to the DOJ is one of the final steps of
9   administering this bankruptcy estate.

10   10.   Transferring custody of the Documents to the DOJ will facilitate preservation of
11   and access to the Documents to a party in interest.

12   11.   Upon the entry of an Order approving this Motion, the DOJ will have the sole
13   responsibility for storing and providing reasonable access to the Documents.

14   12.   The bankruptcy estate and other parties in interest will be best served if this Court
15   approves this Motion as outlined above. Transferring custody of the Documents to the DOJ will
16   also allow the bankruptcy estate to avoid the burden of additional costs of storage of the
17   Documents.

18   **CONCLUSION**

19   WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests the
20   Court enter its Order approving this Motion and authorizing the Trustee to transfer custody of
21   the Documents to the DOJ.

22   Respectfully submitted this 6th day of May, 2014.

23   **MAY, POTENZA, BARAN & GILLESPIE, P.C.**

24

25   By /s/ Theodore P. Witthoft          #021632
26   Theodore P. Witthoft
     Patrick T. Derksen
     Attorneys for Maureen Gaughan, Trustee

3

SO ORDERED.

Dated: June 16, 2014



_Madeleine C. Wanslee_
Madeleine C. Wanslee, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| WHISPERING WINDS PROPERTIES, LLC, and DAN WISE, | Case No. 2:08-bk-15620-MCW<br>Case No. 2:08-bk-15625-MCW<br>(Jointly Administered) |
| Debtors. | **ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO TRANSFER CUSTODY OF DOCUMENTS** |

This matter having been brought by the *Trustee's Motion for Authority to Transfer Custody of Documents* ("Motion") filed by the Chapter 7 trustee, Maureen Gaughan ("Trustee"); the Dan Wise ("Debtor") having filed a response to the Motion with the Bankruptcy Court; the Court having held a hearing on the Motion on June 3, 2014 ("Hearing"); the Court having considered the Motion and the arguments of the parties at the Hearing, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

A. The Motion is GRANTED;

B. The Trustee is authorized to transfer custody of the documents described in the Motion ("Documents") to the Department of Justice ("DOJ"); and

C. In regard to the Documents, the DOJ shall comply with the retention requirements set forth the U.S. Department of Justice *Handbook for Chapter 7 Trustees*;

D. Any party-in-interest that has an inquiry regarding the Documents shall direct such inquiry to:

U. S. Postal Inspection Service c/o Andrew P Hathcock

111 Monroe St., Ste 900, Phoenix, AZ 85003

602-223-3255

APHathcock@uspis.gov

E. The Trustee shall mail a copy of this Order to the parties listed on the master mailing list and the Debtor and file a certificate of mailing with the Bankruptcy Court

**DATED AND SIGNED ABOVE**



February 26, 2018


Mr. Danny Wise
ADC #286665
Arizona State Prison Complex Yard, Unit Cibola
P.O. Box 8909
San Luis, AZ  85349-6836

RE: FOIA No. 2018-FPIS-00211

Dear Mr. Wise:

This is in further reference to your letter dated February 9, 2018, requesting, pursuant
to the Freedom of Information/Privacy Acts, access to certain records that may be in
the custody of the U.S. Postal Inspection Service regarding your case.

With respect to question "1) Your letter states there were 272 pages when in fact I
received 263. Why the difference?"  Please be advised that the Freedom of
Information Act is a records and documents statute that permits access only to
federal agency records, not information, and does not require us to answer question,
however, in order to verify the page count you may send the documents back in order
for me to do a page count and decipher if anything is missing.

Regarding question "2) I did review the Trustee's Motion to transfer custody of
documents dated May 6th, 2014, but what was the exact day the Postal Service
received such documents?" Please be advised that the Freedom of Information Act is
a records and documents statute that permits access only to federal agency records,
not information, and does not require us to answer question, however, as a courtesy I
will inform you that the boxes were received on July 14, 2014.

Concerning question "3) I did see the inventory listing from Scottsdale Police
Department, but I would like to see the inventory listing your office has of the
incoming documents received." Please be advised that the Freedom of Information
Act is a records and documents statute that permits access only to federal agency
records, not information, and does not require us to answer question, however, as a
courtesy I will inform you that no inventory was done of the documents received and
you previously were informed of this in a letter to you dated August 14, 2017.

In response to question "4) I did not receive a Certificate of Destruction of these
materials. Please provide that to me, which would also correspond to your letter

475 L'ENFANT PLAZA, SW, ROOM 3301
WASHINGTON, DC  20260-2101
TELEPHONE: 202-268-7004
EMAIL: FOIA@USPIS.GOV
FAX: 202-268-4538



**UNITED STATES POSTAL INSPECTION SERVICE**

**PHOENIX DIVISION**

**January 19, 2017**

**Case No. 1775846**

**Danny Wise, #286665**
**ASPC - Yuma Cibola**
**PO Box 8909**
**San Luis, AZ 85349**

Dear Mr. Wise:

In July 2014, documents previously in your possession were given voluntarily to the United States Postal Inspection Service. These items include:

- Approximately 200 bankers boxes of documents containing financial documentation

The Inspection Service would like to return these items to you if you should want them. In order to release these items, you must make arrangements to contact me or have your authorized representative contact me as a signature is required. Attached you will find a letter of authorization to designate an individual of your choice to pick up the property listed above. You must sign and return the consent form in the enclosed envelope and return it to me. The designated individual must show identification at the time the property is released. You or your designated representative have 30 days from the date of this letter to pick up these items, after which time, they will be considered abandoned and either forfeited or destroyed.

**By picking up these items or signing the enclosed form to have an authorized representative do so on your behalf, you are consenting to the removal of all personal identifying information from the listed property as the items may contain information you or your designated representative are not authorized to possess.**

Thank you for you assistance in this matter.

Sincerely,

(b)(6),(b)(7)(C)

Postal Inspector
111 W. Monroe, Suite 900
Phoenix, AZ 85003
(b)(6)

EXH



UNITED STATES POSTAL INSPECTION SERVICE

## PHOENIX DIVISION

January 19, 2017

I, Danny Wise, authorize the following individual to act as my authorized agent and pick up items of personal property now in the possession of the United States Postal Inspection Service including:

- Approximately 200 bankers boxes of documents

_____

\*Name of Authorized Agent

_____

Danny Wise

_____

Date

\*Must show identification at the time property is released.

PHOENIX FIELD OFFICE
111 W. MONROE, SUITE 900
PHOENIX AZ 85003
TELEPHONE: 602 223-3298
FAX: 602 258-4995

DANNY WISE #286865
ASPC-Y-Cibola
P.O. Box 8909
San Luis, AZ 85349

JANUARY 30, 2017

US POSTAL-INSPECTIONS SVC.
111 W. MONROE, SUITE 900
PHOENIX, AZ 85003

RE: CASE NO: 1775846

DEAR MS GARCIA:

I'M IN RECEIPT OF YOUR LETTER DATED JANUARY 19, 2017
REGARDING DOCUMENTS IN THE US POSTAL'S POSSESSION. TO BE CLEAR,
I DON'T GIVE THESE DOCUMENTS TO THE POSTAL SERVICE, NOR DO
I HAND OVER DIO. PLEASE PROVIDE ME INFORMATION ON WHO THE DIO
GIVE THESE DOCUMENTS TO YOU. AS I'M PRESENTLY INCARCERATED,
IT IS IMPOSSIBLE TO PICK THESE BANKER BOXES UP. I
AND TO MY KNOWING WITHIN THE POST CONVICTION RELIEF. IN MY
STATE CRIMINAL CASE, I WOULD REQUEST YOU STILL MAINTAIN CUSTODY OF
THESE DOCUMENTS UNTIL SUCH TIME MY LAWYER REQUESTS SAME.
PLEASE CONFIRM WITH ME THE ACTIONS YOU WILL BE TAKING.

SINCERELY,
Danny Wise
DANNY WISE

CC: R.R.P., ESQ
BLR, ESQ



APRIL 25, 2017

US POSTAL INSPECTIONS SERVICE
ATTN: M. GARCIA
111 W. MONROE, SUITE 900
PHOENIX, ARIZONA 85003

RE: CASE NO 1775846

DEAR MS. GARCIA:

IT IS MY UNDERSTANDING YOU HAVE RECEIVED MY LETTER DATED JANUARY 30, 2017. I ALSO HEARD YOU SPOKE WITH MY SON LAST WEEK. PLEASE CONFIRM TO ME, IN WRITING, THE EXACT STATUS OF MY FINANCIAL RECORDS. WHO DROPPED THEM OFF, WHEN THE POSTAL SERVICE ACCEPTED THESE BOXES, INVENTORY OF SUCH BOXES, AND WHAT THE US POSTAL SERVICE INTENDS TO DO WITH THESE BOXES.

THIS REQUEST IS VERY TIME SENSITIVE SO PLEASE PROVIDE ME THE INFORMATION ASAP!

YOUR PROMPT ATTENTION IS MUCH APPRECIATED. YOU HAVE MY ADDRESS BASED ON YOUR JANUARY 19, 2017 LETTER TO ME.

SINCERELY,

[signature]

DANNY WISE

CC: LRR, ESQ
BLR, ESQ

23

**UNITED STATES POSTAL INSPECTION SERVICE**

**PHOENIX DIVISION**

May 23, 2017

Case No. 1775846

Danny Wise, #286665
ASPC - Yuma Cibola
PO Box 8909
San Luis, AZ 85349

Dear Mr. Wise:

In my letter dated January 19, 2017 I informed you of approximately 200 bankers boxes currently in possession of the United States Postal Inspection Service (USPIS). I am in receipt of your letters dated January 30, 2017 and April 25, 2017. To address your letters, we received the above mentioned documents during the course of your bankruptcy proceedings.

At the time I authored my letter dated January 19, 2017, I was unaware of the above mentioned Motion and Order. Since that time, my agency, together with the United States Attorney's Office, District of Arizona, have researched the matter, and conclude the USPIS is responsible to maintain these documents for two years from the date the bankruptcy case(s) were closed, which was November 1, 2016. On November 2, 2018 the USPIS will shred all of the documents contained within the approximately 200 boxes currently in our possession.

As has been the case the entire time the USPIS has been in possession of these documents, your legal counsel will have access to the documents; they need only contact me.

Sincerely,

(b)(6), (b)(7)(C)
Postal Inspector
111 W. Monroe, Suite 900
Phoenix, AZ 85003
(b)(6), (b)(7)(C)

PHOENIX FIELD OFFICE
111 W. MONROE, SUITE 900
PHOENIX AZ 85003
TELEPHONE: 602 223-3298
FAX 602 258-4995



**UNITED STATES POSTAL INSPECTION SERVICE**

**PHOENIX DIVISION**

July 11, 2017

Case No. 1775846

Mr. Jeremy Wise
365 Silver Street
Boston, MA 02127

Dear Mr. Wise:

This letter is to notify you that you will have thirty (30) days to take physical custody of the materials seized from your father, which amount to approximately 200 boxes of material.

If you fail to take physical custody of these documents within thirty (30) days of the date of this letter arrangements will be made to destroy the material.

I must advise you that as a Certified Public Accountant you may be bound by the provisions of Arizona Revised Statutes Chapter 32 Section 744 which prohibits the disclosure of client records.

Please contact me when you have arranged a date to appear in person to take custody of the material.

Sincerely,

(b)(6);(b)(7)(C)

Postal Inspector

cc:    Danny Wise, #286665
       ASPC - Yuma Cibola
       PO Box 8909
       San Luis, AZ 85349

PHOENIX FIELD OFFICE
111 W. MONROE, SUITE 900
PHOENIX AZ 85003
TELEPHONE: 602 223-3298
FAX: 602 258-4995

MLG
5/8/2017

July 30, 2017

Ms Miranda Espinal
% US Postal Inspection Service
111 W. Monroe, Suite 940
Phoenix, Arizona 85003

Re: Case ID: 1973846

Dear Ms Espinal:

I am in receipt of your very recent letter dated July 15, 2017, addressed to my son, where you indicated him that he was twenty (2.) days to take possession custody of these moneys. I do not give this or anything else acknowledgement to receive this agreement. As an agent I am personally identifying and I would be surprised any time he is to act, then I'd need it be resolved to send to you back to do.

I still have not heard from you regarding who case given to the USA servicer who happens to handle this little matter, to I need these authorization giving the consent as is the address. Plus Transfer. Please drive to me, please provide that in so to be stop all the bank as by Grand-2017 notice, in still pending in financial court-hearing, near moneys generation to this matter, order be appreciated.

Sincerely,

Gomez Licea

cc: MLG, ESSP
BLP, ESSP



legal mail 8/9/17 re-write

August 10, 2017

Ms Miranda Garcia
Postal Inspector
111 W. Monroe, Suite 900
Phoenix, Az 85003

Re Case No 1775846

Dear Ms Garcia

Another attempt to get an answer from you regarding the status of the materials being held by you and your office. As all my letters have stated, I have a pending appeal going on regarding my current criminal case. I've requested you maintain custody of such boxes until the appeal is finally ruled on.
I give no-one authorization to pick-up these boxes, as for many reasons, they should be maintained by you and your office. I shall request - when you receive this material, who gave them to you, and an inventory of what boxes you have.
Please respond to me regarding all this information as my son was only available to call you and has nothing to do with these boxes and their contents.

Sincerely,

[signature]

Danny Wee

cc: JLuise, CPA
LRR, ESQ
BLR, ESQ

**UNITED STATES POSTAL INSPECTION SERVICE**

**PHOENIX DIVISION**

August 14, 2017

Case No. 1775846

Mr. Danny Wise, #286665
ASPC - Yuma Cibola
PO Box 8909
San Luis, AZ 85349

Dear Mr. Wise:

To address your letters, my agency received the approximately 200 bankers boxes from your bankruptcy trustee per a court order. An inventory of the material never existed, so I am unable to provide that information to you.

On August 11, 2017 all of the materials were destroyed per my letter dated July 11, 2017.

Sincerely,

(b)(6);(b)(7)(C)

Postal Inspector

PHOENIX FIELD OFFICE
111 W. MONROE, SUITE 900
PHOENIX AZ 85003
TELEPHONE: 602 223-3298
FAX: 602 258-4995

**Woodland, Tiffanie M - Washington, DC**

| | |
|---|---|
| **From:** | ████████ |
| **Sent:** | **Thursday, April 27, 2017 11:20 AM** |
| **To:** | ████████ - Phoenix, AZ |
| **Cc:** | ████████ |
| **Subject:** | RE: Dan Wise |

Hi

The boxes that were seized were related to his accounting business, as he was forced into bankruptcy.

We do not want them back, but they may be required to go back to the trustee.

Thanks



Detective ████████
Scottsdale Financial Crimes Unit
Scottsdale Police, Arizona


**From:** ████████ - Phoenix, AZ ████████
**Sent:** Wednesday, April 26, 2017 12:41 PM
**To:** ████████
**Cc:** ████████ - Phoenix, AZ
**Subject:** Dan Wise

Hello ████████

I inherited a case a long, long time ago involving Dan Wise. I was not a part of this case when it started but from reading historical documents, I know Scottsdale PD executed several search warrants years ago on his house/business, etc. I know Wise went to trial and was sentenced to 35 years and very recently lost his appeal.

I know the US Attorney's Office was looking into bringing federal charges against him as well but once they learned he received such a lengthy prison sentence, they declined to prosecute.

With that said, at some point in time, Scottsdale PD turned over several bankers boxes of documents to a Bankruptcy Trustee (Wise was apparently going through bankruptcy during this time). The bankruptcy trustee then turned those boxes of documents over to the US Postal Inspection Service in 2014 to be used in a potential federal case against Wise.

1

Since there is not going to be a federal case against Wise, I am curious if Scottsdale PD wants these documents back? I know Wise recently filed a Motion for Reconsideration so I am not sure if your agency is hanging on to everything or if your agency has destroyed everything in his case already. I have attached the Motion and Order which state the boxes of documents I currently possess were given to the bankruptcy trustee by Scottsdale PD.

PS. I am not talking about 5 or 10 bankers boxes. I have approximately 200 bankers boxes.

If Scottsdale PD does not want these items back, I will move forward in determining how to get rid of them. If your agency does want them, I am more than happy to arrange a truck to bring them to the location of your choosing.

I look forward to hearing from you.

(b)(6),(b)(7)(C)

U.S. Postal Inspector

(b)(6),(b)(7)(C)

2

**Woodland, Tiffanie M - Washington, DC**

| | |
|---|---|
| **From:** | ▓▓▓▓▓ |
| **Sent:** | Tuesday, May 02, 2017 7:20 PM |
| **To:** | ▓▓▓▓▓ - Phoenix, AZ |
| **Cc:** | ▓▓▓▓▓ (USAAZ) |
| **Subject:** | RE: USA v. Danny Wise |

Hi ▓▓▓

Our initial reaction is that you probably don't have the legal authority to destroy the records over Wise's objection--after all, he's the legal owner of the records, our right to possess the records was only temporary (because it came via a search warrant), and because the case is now over, we no longer have any need to keep holding onto them. It also seems unlikely that there's any easy way to redact the PII -- it's a huge volume of stuff, right? Given all of this, perhaps one solution would be to offer Wise a short but reasonable period of time (say, 30 days) to retrieve the records or they will be destroyed. If he doesn't bother to pick them up during that period, then you should be good to destroy them. And if he does try to pick them up, well, I'm just not sure I see an alternative.

One last thought. Have you spoken with your agency counsel about this? They might have more insight, because they're usually the experts on how property must be handled and discarded after a case is over.

-----Original Message-----
From: ▓▓▓▓▓ (USAAZ)
Sent: Tuesday, May 02, 2017 11:00 AM
To: ▓▓▓▓▓
Subject: RE: USA v. Danny Wise


-----Original Message-----
From: ▓▓▓▓▓
Sent: Friday, April 28, 2017 10:49 AM
To: ▓▓▓▓▓
Cc: ▓▓▓▓▓
Subject: RE: USA v. Danny Wise

Good morning,

I have come full circle on this matter. I mailed a letter to Wise and he responded. He wants these documents back.

I tried very hard to get Scottsdale PD or the bankruptcy trustee to take the documents back but no one wants them. I do not feel comfortable returning the documents knowing they contain PII.

We no longer wish to maintain these records but Wise has been pretty adamant about having them returned. I am hoping your office will be able to assist/direct us on how we should proceed.

Thank you,
▓▓▓▓▓

1

 (b)(6):(b)(7)(C)

Thank you for your response. Should we destroy the evidence we currently have in our possession?

(b)(6):(b)(7)(C)

Sent from my iPhone

On Mar 6, 2015, at 3:09 PM (b)(6):(b)(7)(C) >
wrote:

Hi (b)(6):(b)(7)(C)

We actually ended up dismissing the charges (without prejudice) because it's now very likely that his 35-year state sentence will be affirmed and he'll remain in prison for the rest of his life.  If the state sentence somehow gets overturned, we'll have the opportunity to reindict.

Thanks again for your help with the case, (b)(6):(b)(7)(C)

3

## Woodland, Tiffanie M - Washington, DC

| | |
|---|---|
| **From:** | ████████ |
| **Sent:** | Wednesday, May 10, 2017 8:15 PM |
| **To:** | ████████ |
| **Cc:** | ████████ |
| **Subject:** | USPIS Request |

Good afternoon Trustee ████████ As we discussed on the phone, can you please prepare a letter of your requested final disposition method of the documents currently in the possession of the US Postal Inspection Service (USPIS) per U.S. Bankruptcy Court Order dated June 16, 2014. The USPIS is requesting advisement by the documents' owner of record per Chapter 7 litigation for an approved disposition method of either returning them to you or forfeiting interest in them and permanently releasing them to USPIS for document destruction by USPIS.

Thanks

████████
**Postal Inspector Team Leader**
**Phoenix Division**
**111 W Monroe St Ste 900**
**Phoenix AZ 85003**
████████

1

**Woodland, Tiffanie M - Washington, DC**

| | |
|---|---|
| **From:** | ▮▮▮▮▮ |
| **Sent:** | Thursday, May 11, 2017 1:52 PM |
| **To:** | ▮▮▮▮ |
| **Cc:** | ▮▮▮ Phoenix, AZ |
| **Subject:** | RE: USPIS Request |
| **Attachments:** | letter to ▮▮▮▮ - Danny Wise 15-15620 and 15-15625.pdf |

My email to you bounced back due to size. I am going to send the two attachments separately. Please confirm receipt of each email.
Email 1

▮▮▮▮▮
PO Box 6729
Chandler, Az 85246
▮▮▮▮▮

**This message wasn't delivered to anyone because it's too large. The limit is 30 MB. This message is 31 MB.**

**From:** ▮▮▮▮
**Sent:** Thursday, May 11, 2017 9:57 AM
**To:** ▮▮▮▮
**Cc:** ▮▮▮ Phoenix, AZ
**Subject:** RE: USPIS Request

Mr. ▮▮▮▮
Please see attached. Let me know if you have any questions. I hope this helps. Thanks. ▮▮▮▮

▮▮▮▮
PO Box 6729
Chandler, Az 85246
▮▮▮▮

**From:** ▮▮▮▮
**Sent:** Wednesday, May 10, 2017 5:15 PM
**To:** ▮▮▮▮
**Cc:**
**Subject:** USPIS Request

1

-----Original Message-----
From: ▓▓▓▓▓ (USAAZ) [mailto:Dominic.Lanza@usdoj.gov]
Sent: Thursday, January 19, 2017 9:01 AM
To: ▓▓▓▓▓ - Phoenix, AZ
Cc: ▓▓▓▓▓ (USAAZ)
Subject: RE: USA v. Danny Wise

I'd recommend mailing that letter to him. If he chooses not to respond, then you can destroy the documents per your usual procedure. And if he asks for the documents, we can then revisit what to do about the PII.

-----Original Message-----
From: ▓▓▓▓▓ - Phoenix, AZ ▓▓▓▓▓
Sent: Thursday, January 19, 2017 8:56 AM
To: ▓▓▓▓▓
Cc: ▓▓▓▓▓
Subject: RE: USA v. Danny Wise

As an update, Wise's Motion for Post-Conviction Relief (Rule 32) was denied. See attached Ruling if you are interested.

We currently maintain 243 banker's boxes of documents in this matter which were given to us voluntarily by a Bankruptcy trustee. The boxes contain PII data for previous clients of Mr. Wise, which we would typically refrain from returning to a defendant.

What is your recommendation on how we handle the return/destruction of boxes of documents?

Typically, when we hold evidence, and a case has been adjudicated, we mail a letter to the defendant informing him he has 30 days to obtain his property or appoint someone to do so for him if he is incarcerated, otherwise it will be destroyed. In this case, the voluminous amount of potential PII data contained in the documents is a concern.

Thanks for your guidance.

▓▓▓▓▓

-----Original Message-----
From: ▓▓▓▓▓
Sent: Thursday, March 12, 2015 1:55 PM
To: ▓▓▓▓▓ - Phoenix, AZ
Cc: ▓▓▓▓▓ (USAAZ)
Subject: RE: USA v. Danny Wise

Please hold on to them for the time being. In the waiver/dismissal agreement, we agreed to "retain or return to defendant all records currently being held by the United States in the Federal Case until the direct appeal in the State Case is concluded." His state appeal is still pending, so it's too early to destroy anything.

-----Original Message-----
From: ▓▓▓▓▓
Sent: Thursday, March 12, 2015 9:50 AM
To: ▓▓▓▓▓ (USAAZ)
Cc: ▓▓▓▓▓ (USAAZ)
Subject: Re: USA v. Danny Wise

2

**Woodland, Tiffanie M - Washington, DC**

| | |
|---|---|
| **From:** | ▓▓▓▓▓▓ |
| **Sent:** | Thursday, June 01, 2017 6:08 PM |
| **To:** | ▓▓▓▓ - Phoenix, AZ |
| **Subject:** | FW: 575247_675-0 |

-----Original Message-----
**From:** ▓▓▓▓▓▓
**Sent:** Friday, May 12, 2017 8:15 AM
**To** ▓▓▓▓▓
**Cc:** ▓▓▓▓▓
**Subject:** RE: 575247_675-0

Not really.  It is a motion I would file mid-case.  My case is closed.  I am going to have ▓▓▓▓▓ call you and perhaps he can explain it better than me.  He is the attorney on the case for me and spoke and arranged for the turnover of the documents to you.
▓▓▓▓▓


▓▓▓▓▓
PO Box 6729
Chandler, Az 85246
▓▓▓▓▓


-----Original Message-----
**From:** ▓▓▓▓▓
**Sent:** Thursday, May 11, 2017 9:48 PM
**To:** ▓▓▓▓▓
**Subject:** 575247_675-0


Is something similar to the attached even an option with Wise's bankruptcy case?

1

**Woodland, Tiffanie M - Washington, DC**

From: ▓▓▓▓▓▓
Sent: Thursday, June 01, 2017 6:36 PM
To: ▓▓▓▓▓▓
Subject: RE: Contact info for trustee's attorney

Thanks. I'll let you know what I find out.

-----Original Message-----
From: ▓▓▓▓▓▓
Sent: Thursday, June 01, 2017 3:35 PM
To: ▓▓▓▓▓▓
Subject: Contact info for trustee's attorney

▓▓▓▓▓▓

▓▓▓▓▓▓ is the attorney for the trustee ▓▓▓▓▓▓. I believe the trustee had some apprehension because she could not afford to have the documents destroyed should they go back to being in her possession. Please note, my agency has no problem paying for the destruction of the documents should the Bankruptcy court issue an Order instructing the destruction of the documents.

Thank you,
▓▓▓▓▓▓

-----Original Message-----
From: ▓▓▓▓▓▓
Sent: Friday, May 12, 2017 8:15 AM
To: ▓▓▓▓▓▓
Cc:
Subject: RE: 575247_675-0

Not really. It is a motion I would file mid-case. My case is closed. I am going to have ▓▓▓▓▓▓ call you and perhaps he can explain it better than me. He is the attorney on the case for me and spoke and arranged for the turnover of the documents to you.
▓▓▓▓▓▓


▓▓▓▓▓▓
PO Box 6729
Chandler, Az 85246
▓▓▓▓▓▓


-----Original Message-----
From: ▓▓▓▓▓▓
Sent: Thursday, May 11, 2017 9:48 PM
To: ▓▓▓▓▓▓

1

## Woodland, Tiffanie M - Washington, DC

**From:** ▓▓▓▓▓▓▓▓
**Sent:** Tuesday, June 06, 2017 1:22 PM
**To:** ▓▓▓▓▓▓▓ Phoenix, AZ
**Cc:**
**Subject:** RE: Contact info for trustee's attorney

FYI, I had a lengthy call with the trustee's attorney today, and the bankruptcy path does not look promising. I can fill you in with the details if you want to schedule a quick call (I'm free this afternoon). Any luck with Scottsdale?

-----Original Message-----
From: ▓▓▓▓▓▓▓
Sent: Thursday, June 01, 2017 3:35 PM
To: ▓▓▓▓▓▓▓
Subject: Contact info for trustee's attorney

▓▓▓▓▓▓▓

▓▓▓▓▓▓▓ is the attorney for the trustee ▓▓▓▓▓▓▓ I believe the trustee had some apprehension because she could not afford to have the documents destroyed should they go back to being in her possession. Please note, my agency has no problem paying for the destruction of the documents should the Bankruptcy court issue an Order instructing the destruction of the documents.

Thank you,
▓▓▓▓▓▓▓

-----Original Message-----
From: ▓▓▓▓▓▓▓
Sent: Friday, May 12, 2017 8:15 AM
To: ▓▓▓▓▓▓▓
Cc:
Subject: RE: 575247_675-0

Not really. It is a motion I would file mid-case. My case is closed. I am going to have ▓▓▓▓▓▓▓ call you and perhaps he can explain it better than me. He is the attorney on the case for me and spoke and arranged for the turnover of the documents to you.
▓▓▓▓▓▓▓


▓▓▓▓▓▓▓
PO Box 6729
Chandler, Az 85246
▓▓▓▓▓▓▓


-----Original Message-----
From (b)(6);(b)(7)(C)

1

**Woodland, Tiffanie M - Washington, DC**

| | |
|---|---|
| **From:** | <span style="background:black">▓▓▓▓▓</span> |
| **Sent:** | Tuesday, June 06, 2017 5:25 PM |
| **To:** | <span style="background:black">▓▓▓▓▓</span> |
| **Subject:** | RE: Contact info for trustee's attorney |

Sure.

-----Original Message-----
From: <span style="background:black">▓▓▓▓▓</span>
Sent: Tuesday, June 06, 2017 2:23 PM
To: <span style="background:black">▓▓▓▓▓</span>
Subject: Re: Contact info for trustee's attorney

My AIC said he hasn't heard back from Scottsdale yet. I am at a conference in Atlanta this week. Do you mind if I schedule a call with you once we hear back from Scottsdale PD so we can go over both of our efforts at once?

Thanks
<span style="background:black">▓▓▓▓▓</span>

Sent from my iPhone

> On Jun 6, 2017, at 1:22 PM, <span style="background:black">▓▓▓▓▓</span> wrote:
>
> FYI, I had a lengthy call with the trustee's attorney today, and the bankruptcy path does not look promising. I can fill you in with the details if you want to schedule a quick call (I'm free this afternoon). Any luck with Scottsdale?
>
> -----Original Message-----
> From: <span style="background:black">▓▓▓▓▓</span>
> Sent: Thursday, June 01, 2017 3:35 PM
> To: <span style="background:black">▓▓▓▓▓</span>
> Subject: Contact info for trustee's attorney
>
> <span style="background:black">▓▓▓▓▓</span>
>
> <span style="background:black">▓▓▓▓▓</span> is the attorney for the trustee <span style="background:black">▓▓▓▓▓</span> I believe the trustee had some apprehension because she could not afford to have the documents destroyed should they go back to being in her possession. Please note, my agency has no problem paying for the destruction of the documents should the Bankruptcy court issue an Order instructing the destruction of the documents.
>
> Thank you,
> <span style="background:black">▓▓▓▓▓</span>
>
> -----Original Message-----
> From: <span style="background:black">▓▓▓▓▓</span>
> Sent: Friday, May 12, 2017 8:15 AM
> To: <span style="background:black">▓▓▓▓▓</span>
> Cc: <span style="background:black">▓▓▓▓▓</span>
> Subject: RE: 575247_675-0

1

>
> Not really. It is a motion I would file mid-case. My case is closed. I am going to have (b)(6)(7)(C) call you and perhaps
he can explain it better than me. He is the attorney on the case for me and spoke and arranged for the turnover of the
documents to you.
> (b)(6)(7)(C)
>
>
> _____
> (b)(6)(7)(C)
> PO Box 6729
> Chandler, Az 85246
> (b)(6)(7)(C)
>
>
>
> -----Original Message-----
> From: (b)(6)(7)(C)
> Sent: Thursday, May 11, 2017 9:48 PM
> To: (b)(6)(7)(C)
> Subject: 575247_675-0
>
>
> Is something similar to the attached even an option with Wise's bankruptcy case?
>
>
>

**Woodland, Tiffanie M - Washington, DC**

| | |
|---|---|
| **From:** | (b)(6);(b)(7)(C) |
| **Sent:** | Thursday, May 18, 2017 7:33 PM |
| **To:** | (b)(6);(b)(7)(C) |
| **Cc:** | |
| **Subject:** | FW: USA v. Danny Wise |
| **Attachments:** | WiseAZAppealRuling.pdf; Wise_TrusteeLetter.pdf |

(b)(6);(b)(7)(C)

AUSA (b)(6);(b)(7)(C) we are still researching our earlier conversation and will get back with you next week.

Other items I have researched or received.

Attachment 1 - WiseAZAppealRuling.pdf
Page 5 Footnote 5 - AZ Court of Appeals Decision At the time of his arrest in May 2009, Wise had been forced into an involuntary bankruptcy, and all of his property and assets were seized by the Trustee and placed in receivership for liquidation.

Attachment 2 - Wise_TrusteeLetter.pdf
- from Bankruptcy Trustee
Pursuant to Bankruptcy Court's Order dated June 16, 2014, custody of the Danny Wise documents was transferred to the Department of Justice. The Order also provides that the Department of Justice shall comply with the retention requirements set forth in the US Department of Justice Handbook for Chapter 7 Trustees. ... The Whispering Winds/Danny Wise case was closed on November 1, 2016. Pursuant to the Handbook, the documents must be retained for two years and then it is my practice to shred all documents by a qualified professional firm and keep evidence of the certificate of shredding. The documents can be shredded on November 2, 2018. Since my case is closed and my duties discharged, I do not need the documents back.

(b)(6);(b)(7)(C)
Postal Inspector Team Leader
Phoenix Division
(b)(6)

1

## Woodland, Tiffanie M - Washington, DC

**From:** ██████████
**Sent:** Thursday, June 22, 2017 6:29 PM
**To:** ██████████
**Cc:**
**Subject:** Danny Wise Status 062217

██████████ we are preparing a letter addressed to Danny Wise's ████ We will submit it for review through our Office of Counsel and then on to the USAO for your review/edit. As I stated on the phone, I will dedicate Postal Inspection Service resources to create a victim/client list with addresses if the US Attorney's Office is considering noticing the victims/clients prior to the release of their personal identifying information.

Below I provided one of the statements we received from a random victim I pulled from one of the boxes in question.

Thanks

██████████
Postal Inspector Team Leader
Phoenix Division
████



## Woodland, Tiffanie M - Washington, DC

| | |
|---|---|
| **From:** | ▓▓▓▓▓▓ |
| **Sent:** | Friday, June 23, 2017 1:59 PM |
| **To:** | ▓▓▓▓▓▓ - Phoenix, AZ |
| **Subject:** | RE: Danny Wise Status 062217 |

I'm not sure we need to send a letter to the ▓▓ or Wise as we do not have an authorized agent form from Wise. We have three letters from him asking us to explain how we came into possession of his records. I thought we had something from Wise indicating his ▓▓ was the authorized agent.

I'm wondering if we can destroy the records based upon no authorized agent designation from your first letter.

**From:** ▓▓▓▓▓▓ - Phoenix, AZ
**Sent:** Friday, June 23, 2017 10:55 AM
**To:** ▓▓▓▓▓▓
**Subject:** Fwd: Danny Wise Status 062217

This sounds great if they are willing to do the paperwork. If they are going this route why are we going to draft a letter to anyone? The USAO should just file the motion and notice the defendant. Seems like our letter to the ▓▓ would just muddy the water again.

Sent from my iPhone

Begin forwarded message:

> **From:** ▓▓▓▓▓▓
> **Date:** June 23, 2017 at 12:47:11 PM CDT
> **To:** ▓▓▓▓▓▓
> **Cc:** ▓▓▓▓▓▓
> **Subject:** RE: Danny Wise Status 062217
>
> FYI, here are two more good cases for us. The first establishes that the government may refuse to return seized evidence at the end of case under a "derivative contraband" theory even if the government never initiated forfeiture proceedings. The second establishes that the government may invoke the "derivative contraband" theory to refuse to return business records to a white collar defendant. I am getting more and more excited about this theory's potential.
>
> 1. *Sash v. United States*, 2009 WL 3007379, *5 (S.D.N.Y. 2009) ("[Sash] appears to argue that, because the defendants have not commenced forfeiture proceedings against Sash's property, they have no defense to his 41(g) motion. This argument is meritless. There is no requirement that the government seek to forfeit Sash's property, and its decision not to do so does not 'prevent the government from being able to assert, in resistance to a Rule 41(e) motion, a limited derivative contraband theory.'") (quoting *United States v. Felici*, 208 F.3d 667, 671 (8th Cir. 2000)).
>
> 2. *United States v. Thornberg*, 2013 WL 3364369, *2-3 (D.S.D. 2013) (denying Rule 41(g) motion brought by white collar defendant who sought the return of paperwork that had been seized from his business, where the government opposed the motion "on the basis that the material could be used by the defendant in future business scams," because the "documents seized from defendant at the time of his arrest constitute derivative contraband which the defendant is not entitled to receive").

1



**Subject: Danny Wise Status 062217**

████████ we are preparing a letter addressed to Danny Wise's ████ We will submit it for review through our Office of Counsel and then on to the USAO for your review. As I stated on the phone, I will dedicate Postal Inspection Service resources to create a victim/client list with addresses if the US Attorney's Office is considering noticing the victims/clients prior to the release of their personal identifying information.

Below I provided one of the statements we received from a random victim I pulled from one of the boxes in question.

**Thanks**

████████
**Postal Inspector Team Leader**
**Phoenix Division**
████████



3

 

## PREMIER DOCUMENT SHREDDING
2204 W. 1st Street • Tempe, AZ 85281
PHONE 480-829-0089 • FAX 480-829-0249

*Wise Case*
*Case #*

Driver _Walk in_          Date _August 11, 201?_

| CLIENT | NAME: United States Postal in 85201 |
|--------|-------------|
|        | ADDRESS: |
|        | CITY:                    PHONE: |

| RATE: $380 | 190 boxes @ $2.00 /box |
|------------|------------------------|
| AMOUNT DUE: $380 | |

### CERTIFICATE OF DESTRUCTION
#### Confidential Records Shredded
#### Waste Recycled

Boxes: (b)(6)                    Other: _____

X _____

SUPERV _____

PREMIER DOCUMENT SHREDDING
2204 W 1ST ST
TEMPE    AZ 85281
480-829-0089

Merchant ID: 100131567?
Term ID: 021

Sale

VISA
(b)(6)
Entry Method: Swiped
Apprvd: Online          Batch#: 000001
08/11/17                12:00:23

Inv#: 00000002          Appr Code: 095563

Total:            $      380.00

Customer Copy






# David R. Maltz & Co, Inc.


### Auctioneers, Appraisers, Real Estate Brokers


### www.MaltzAuctions.com

July 15, 2015

Arizona Department of Corrections
ASPC-Yuma Cibola
Danny Wise  ADC# 286665
PO BOX 8909
San Luis, AZ  85349

Dear Mr. Wise:

This letter is in response to your recent correspondence regarding the inventory of the contents located at 15 West 53rd Street, Apartment 18F, New York, New York.

Please be advised that our sole purpose was to prepare an inventory list of assets that may have value to be liquidated and in no way were we ever authorized or asked to inventory the contents of drawers, closets, storage boxes, etc.

I am so sorry we could not be more helpful.

Very truly yours,

Richard B. Maltz, CAI, CES
Vice President

cc: Theodore Witthoft via email: TWitthoft@wdlawpc.com
    Ashley Adams via email: aadams@azwhitecollarcrime.com

**ASHLEY D. ADAMS, PLC**
**Ashley D. Adams, 013732**
**7701 E. Gray Road, Suite 107**
**Scottsdale AZ 85260**
**Phone:       (480) 219-1366**
**Facsimile:   (480) 219-1451**
**aadams@azwhitecollarcrime.com**
*Attorney for Defendant Danny Wise*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR12-00788-PHX-ROS |
| Plaintiff, | |
| | **DECLARATION OF ASHLEY D.** |
| v. | **ADAMS** |
| Danny Wise, | |
| Defendant. | **(Defendant in Custody)** |

1)     I am Mr. Wise's attorney, and prepare this Declaration under the penalty of perjury.

2)     Since the Court's last Order continuing the trial from February 3, 2015, the paralegal assigned to the case, Rose Washburn, and I, have continued to diligently review the 246 boxes contained in the Postal Service storage unit located at 1441 Buckeye Road in Phoenix, Arizona.  The following is a summary of the review.

3)     We visited the space on four occasions, and spent approximately 25 man hours going through each and every box contained at the Postal Inspector Warehouse referenced above.  These boxes were brought to the space by law enforcement agents assigned to the

1

case, following Defendant's request that all documents in the possession of the government be made available.

4)     The defense team reviewed approximately 250 boxes. While the team did not review every page in every box, we examined the contents of each folder, including loose papers found therein.

5)     In the review process, we attempted to verify whether the contents of each folder within each box in fact matched the folder's label. Oftentimes, the folders contained loose documents in folders that did not appear to correspond with its respective file/label.

6)     Most of the boxes themselves had multiple labels, from multiple sources. For example, many of the boxes bore original labels from Defendant Danny Wise, which oftentimes included a list of the contents. The boxes would then also have a label with some sort of Postal skew number, and then a separate hand written number on the outside of the box, written by what appears to be a "Sharpie." To date, the defense has not been provided with a master index or any other report which provides any information as to the numbers, or their meaning. In addition, the defense has no information regarding who labeled the boxes or when.

7)     There is no index which indicates from where or whom the boxes were obtained. In other words, the chain of custody is in complete disarray. For example, many of the boxes appeared to be copies of documents from the SEC matter, or from the Wise entities bankruptcies. However, the boxes on their face do not indicate if they were retrieved from the bankruptcy trustee, or from the SEC. There is no index, or other markings to indicate whether the boxes were retrieved from Mr. Wise's offices, or Mr.

2

ASHLEY D. ADAMS, PLC
8245 N. 85TH WAY
SCOTTSDALE, ARIZONA 85258
(480) 219-1366

Wise's storage unit during the respective search warrants, or whether the boxes contained copies of other documents.

8)     To date, no index has been produced which correlates the handwritten numbers on the outside of the boxes to the source of the documents.

9)     The defense team also found many mismarked files. While many of the boxes had various labels on the outside, oftentimes, files were found in boxes that were not listed on the label. The folder files were not marked so as to determine in which box number they originated.

10)     As an example, in one file, marked "client files/tax returns", the defense team found various notes prepared by Mr. Wise, which appear to be related to various real estate "deals" and/or other investments. The notes were clearly not related to any of the clients listed on the box's label. Upon information and belief, these notes were never disclosed by the government in discovery.[1]

11)     Some files appeared untouched, as if they had never been copied, or opened. Others  were in complete disarray.

12)     I have not yet discussed with Mr. Wise the complete findings set forth above, but will during our next phone call, or when I travel to Yuma next week.

13)     One of the quests of the defense team was to attempt to recover approximately 16 boxes which were reviewed by Simon Consulting, the government's

---

[1] The defense team has not finished reviewing all of the discovery provided by the government.

ASHLEY D. ADAMS, PLC
8245 n. 85TH WAY
SCOTTSDALE, ARIZONA 85258
(480) 219-1366

3

forensic accounting expert. The defense team only found approximately 9 of the boxes. These boxes will need to be reviewed by James Sell, Mr. Wise's forensic accountant expert. They are in the process of being copied.

14) On October 15, 2014, Mr. Wise's computer forensic expert, Loehrs & Associates, attempted to forensically image Mr. Wise's computers and servers which are being housed at Scottsdale Police Department. Ms. Loehrs advised undersigned that they were not able to image the server, and it would not "boot up". Counsel is in the process of attempting to locate other forensic images which may have been taken during the bankruptcy, state case, or SEC matters.

15) The government and defendant are also in the process of negotiating a possible plea and/or a dismissal without prejudice if defendant will agree to waive the applicable statute of limitation. However, the parties need additional time to determine if they are able to reach a resolution. I am scheduled to travel to Yuma next week, now that review of the warehouse documents has been completed, to discuss all options with Mr. Wise. As this Court is aware, Mr. Wise is in state custody.

16) Further, I have consulted with Peter Sexton, AUSA, who has no objection to a continuance.

Defendant does not make this motion for reasons of delay, but instead in the interest of justice. Excludable delay under 18 U.S.C. § 3161(h)(7)(B)(i) may occur as a result of this motion or an order based thereon.

//

//

ASHLEY D. ADAMS, PLC
8245 n. 85TH WAY
SCOTTSDALE, ARIZONA 85258
(480) 219-1366

4

RESPECTFULLY SUBMITTED this 9th day of January, 2015.

**ASHLEY D. ADAMS, PLC**


By: *s/Ashley D. Adams*
Ashley D. Adams
Attorney for Defendant Daniel Wise


## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2014, I electronically transmitted foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ ECF registrants:

HONORABLE ROSLYN O. SILVER
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 624
401 W. Washington Street, SPC 59
Phoenix, AZ 85003
silver_chambers@azd.uscourts.gov

Peter Sexton, Esq.
Dominic Lanza, Esq.
Assistant U.S. Attorney
2 Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85003
Peter.sexton@usdoj.gov
Dominic.lanza@usdoj.gov

*s/ Mali Evans*
Mali Evans
Legal Assistant to Ashley D. Adams

5

ASHLEY D. ADAMS, PLC
8245 N. 85TH WAY
SCOTTSDALE, ARIZONA 85258
(480) 219-1366